10-607-ag
Klobucista v. Holder

BIA
Elstein, IJ
A093 412 661

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand eleven.

PRESENT:
JOHN M. WALKER, JR.,
JOSEPH M. McLAUGHLIN,
ROBERT A. KATZMANN,
        *Circuit Judges.*

_____

DRITAN KLOBUCISTA,
        *Petitioner*,

            v.                                  10-607-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*

_____

FOR PETITIONER:          Fatos Koleci, Law Office of Fatos Koleci, LLC, Milford, CT.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Ann M. Welhaf, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dritan Klobucista, a native and citizen of Macedonia, seeks review of a January 22, 2010, decision of the BIA affirming the March 31, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Dritan Klobucista*, No. A093 412 661 (B.I.A. Jan. 22, 2010), *aff'g* No. A093 412 661 (Immigr. Ct. N.Y. City Mar. 31, 2008).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA affirms only part of the IJ's decision, we review the IJ's decision as modified by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).  As this Court has noted, "the REAL ID Act emphasizes the importance of corroborating evidence" in determining whether

2

an applicant has met his burden of proof, and an IJ may properly deny an applicant's claim for failure to provide corroborating evidence. *Chuilu Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1252(b)(4).

In finding that Klobucista failed to meet his burden of proof, the IJ: (1) found that the country conditions evidence Klobucista provided did not establish that Macedonian officials persecute ethnic Albanians or members of the Party for Democratic Prosperity; (2) afforded diminished weight to the letters Klobucista submitted from friends and family because they were unsworn and unauthenticated and contained no specific details regarding the incidents of harm he allegedly endured; and (3) noted that Klobucista did not provide any testimony or statement from his brother, an asylee living in New York, who had personal knowledge of both his membership in the Party for Democratic Prosperity and at least one of the incidents of harm Klobucista allegedly endured.

Klobucista argues that the IJ afforded insufficient weight to the letters he submitted from family members, his employer, and the Party for Democratic Prosperity. However,

as the IJ noted, these letters were unsworn and unauthenticated and, to the extent they referred to the incidents of harm that Klobucista allegedly endured, were unsupported by any objective evidence in the record. Thus, the IJ's decision to afford them diminished weight was reasonable. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir. 2006)(weight accorded to evidence is within the IJ's discretion).

Contrary to Klobucista's argument that the IJ unreasonably required him to provide medical records, the IJ did not rely on the lack of such evidence in concluding that Klobucista failed to meet his burden of proof. We likewise reject as speculative Klobucista's assertion that the IJ erroneously required an affidavit or testimony from his brother because such affidavits are "regularly disregarded" in immigration proceedings and that, even assuming he had provided such an affidavit, the IJ necessarily "would have given it little or no weight." Br. of Pet'r 26.

Finally, although Klobucista asserts that the IJ failed to consider the cumulative impact of the incidents he described, because the IJ reasonably found that Klobucista submitted insufficient evidence to establish that these

4

incidents took place, she was under no obligation to consider them collectively. *Cf. Manzur v. U.S. Dept't of Homeland Sec.*, 494 F.3d 281, 287, 290 (2d Cir. 2007)(where the IJ did not question the credibility of testimony and evidence with respect to alleged incidents, the IJ was obligated to consider the incidents in the aggregate).

Because Klobucista was unable to meet his burden for asylum, he necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 155 (2d Cir. 2006). To the extent that Klobucista argues that there exists in Macedonia a pattern or practice of persecution against ethnic Albanians, because he failed to raise this issue before the BIA, the Court need not address this unexhausted argument. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk